**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**PINE OAKS LLP and
ALLMARK PROPERTIES,**
   **Plaintiffs,**

                   **CIVIL NO: 3:14-CV-2035-N-BK**

**v.**

**JORDAN PRICE and
TIFFANY GEORGE,**
   **Defendants.**

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

The district judge has referred this case to the undersigned magistrate judge for pretrial management under *Special Order 3*. For the reasons that follow, it is recommended that the case be *sua sponte* remanded to the state trial court because this Court lacks subject matter jurisdiction.

Plaintiffs filed a petition for forcible detainer and entry against *pro se* Defendant Jordan Price in Justice of the Peace Court in Dallas County, Texas.[1]  (Doc. 3 at 9). Although the documentation in the record is incomplete, it appears that Defendant Price lost the case in justice court and filed an appeal to County Court at Law No. 1, Dallas County. (Doc. 3 at 10). The trial was scheduled for June 5, 2014, and Defendant Price removed the action to this district court on that day. (Doc. 3 at 1, 8). Defendant Price contends that federal question subject matter jurisdiction exists because Plaintiffs violated the Fair Debt Collection Practices Act and several of his constitutional rights in having him evicted from his apartment, wrongfully re-allocating his

---

[1] Defendant Tiffany George does not appear to have been a party to the state court proceedings. Her address is the same as Defendant Price's address, and the case caption in state court indicated that the case was filed against Jordan Price "& all other occupants." (Doc. 3 at 8). Nevertheless, the *Notice of Removal* was only effective as to Defendant Price because he is the only party who signed it. (Doc. 3 at 5); s*ee* Fed. R. Civ. P. 11(a) (requiring *pro se* parties to personally sign their own pleadings).

rent money, and confiscating items from his apartment. (Doc. 3 at 2-4). Plaintiffs have not yet appeared in this action.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 37 (1994) (citations omitted). The "burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court must sua sponte determine whether it has jurisdiction over this removed case. *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009).

Federal jurisdiction is unsupported in this case. Such jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). A federal question thus is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008).

Although Plaintiffs' petition was not included in the record in this case, the pleadings that are contained on the Court's docket reveal that this is simply a forcible detainer and entry action under state law. It does not raise any federal cause of action or depend on the resolution of any significant federal question. *See Wells Fargo Bank, NA v. Agnew*, No. 3:14-cv-1646-L, 2014 WL 2158420, *1, 3-4 (N.D. Tex. 2014) (Lindsay, J.) (adopting recommendation and holding that federal question jurisdiction did not exist in forcible detainer action removed from state court); *Bank of New York Mellon v. Coleman*, No. 3:13-cv-903-N, 2013 WL 1482136, *2-3 (N.D. Tex. 2013) (same) (Ramirez, M.J.), *adopted by* 2013 WL 1490472 (Lynn, J.) (N.D. Tex. 2013).

Although Defendant Price attempts to raise federal statutory and constitutional claims in his *Notice of Removal*, under the well-pleaded complaint rule, a case may not be removed to federal court solely because a defense or counterclaim may arise under federal law. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). For the foregoing reasons, it is recommended that this case be *sua sponte* **REMANDED** to County Court at Law No. 1, Dallas County, Texas for further proceedings.

    **SO RECOMMENDED** on June 10, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE